UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT C. WOLSCHLAGER,

    Plaintiff,                       CASE NO. 05-CV-10279

v.                               DISTRICT JUDGE DAVID M. LAWSON
                                   MAGISTRATE JUDGE CHARLES E. BINDER
JUDGE DAVID CLAYBUCH,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    REPORT**

    **A.    Introduction**

On November 14, 2005, this *pro se* case was referred to the undersigned Magistrate Judge for general case management by United States District Judge David M. Lawson. (Dkt. 3.) Plaintiff's Application to Proceed without Prepayment of Fees was granted on November 18, 2005, and therefore Plaintiff is proceeding *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. After screening the *pro se* complaint as required by the statute governing IFP actions, I conclude that the case is ready for Report and Recommendation.

**B.     Analysis and Conclusions**

**1.     Screening Provision**

When a plaintiff is proceeding IFP, the following statute requires the Court to *sua sponte* review the case:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . . .
> (B)  the action or appear--
>
> > (i)      is frivolous or malicious;
> >
> > (ii)     fails to state a claim on which relief may be granted; or
> >
> > (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Sixth Circuit has instructed that this provision requires a district court to screen all IFP cases and to *sua sponte* dismiss those that are frivolous or fail to state a claim for relief. *Porter v. Soice*, 24 Fed. Appx. 384, 386 (6th Cir. 2001); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).

When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404

U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

**2.   Discussion**

In this case, Plaintiff has named a state court judge as the sole defendant, and the entire complaint consists of the following paragraph:

> A state judge who feels I fit the legal guidelines of a mentally ill individual. I feel as though I had a stress problem because of pressure and stress from the other complaints toward public officials. And I was sentenced served [sic] my time so a lot of the pressure and stress is gone from my shoulders. The stress of parents being very ill physically.

(Compl. at 1-2.) The complaint is not signed by the Plaintiff.

Construing the *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652 , 92 S. Ct. 594 (1972), Plaintiff appears to be bringing this federal action because he disagrees with a legal determination of mental incompetence made by a Michigan state court judge. A federal action, however, must either be based upon diversity jurisdiction or federal question jurisdiction, and neither is present here. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when a matter is between citizens of different states and the amount in controversy exceeds $75,000. In this case, diversity jurisdiction is not present because both Plaintiff and Defendant are citizens of the State of Michigan. Alternatively, for the Court to have federal question jurisdiction, the case must be a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, Plaintiff has not alleged that his claim arises under any federal law. Accordingly, I suggest that the case is subject to *sua sponte* dismissal for lack of jurisdiction.

3

Alternatively, I suggest that even if this Court had jurisdiction of Plaintiff's claim under § 1331 or § 1332, *sua sponte* dismissal would nevertheless be appropriate because the Defendant, a state court judge, is entitled to absolute judicial immunity. In *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (per curiam), the Supreme Court explained that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.*, 502 U.S. at 11. The absolute immunity of a judge applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S. Ct. 496, 88 L. Ed. 2d 507 (1985) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L. Ed. 646 (1871)). Judicial immunity is overcome in only two situations. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11 (citations omitted).

In this case, the Defendant's action Plaintiff takes issue with -- a court finding of mental incompetence -- falls squarely within the judicial capacity and discretion of a state court judge. Further, nothing in the complaint can be construed to allege that Judge Claybuch acted in "the complete absence of all jurisdiction." *Id.* Thus, I suggest that the complaint is subject to *sua sponte* dismissal with prejudice because Defendant Claybuch is protected from suit by absolute judicial immunity.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 

                                                s/ *Charles E. Binder*
                                                CHARLES E. BINDER
Dated: November 21, 2005                 United States Magistrate Judge

## CERTIFICATION

      I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Robert C. Wolschlager and Honorable David M. Lawson.

Dated:  November 21, 2005                 By          s/Mary E. Dobbick
                                                          Secretary to Magistrate Judge Binder